# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

LAKISHA JONES, )
)
     Appellant, )
)
    v. )    C.A. No. N24A-08-002 PAW
)
)
UNEMPLOYMENT INSURANCE )
APPEAL BOARD, )
)
     Appellee. )

Submitted: December 2, 2024
Decided: February 20, 2025

*On Appeal from the Unemployment Insurance Appeal Board;*

**AFFIRMED.**

**<u>MEMORANDUM OPINION AND ORDER</u>**

Lakisha Jones, *Self-Represented Litigant*, *Appellant*.

Victoria Counihan, Esq., of the Delaware Department of Justice, *Attorney for Appellee*.

**WINSTON, J.**

## I.   **INTRODUCTION**

This appeal stems from an Unemployment Insurance Appeal Board's (the "Board") decision affirming findings by an appeals referee (the "Referee") from the Department of Labor, Division of Unemployment Insurance (the "Division") finding that Appellant, Lakisha Jones, was liable for overpayment of unemployment benefits.[1]

## II.   **FACTUAL AND PROCEDURAL HISTORY**

On September 16, 2022, Jones's former employer, "Pit Masters Christiana," also known as "Famous Dave's Barbeque," permanently closed.[2]  Approximately one month later, Jones filed for unemployment insurance benefits under Fund Code 10, with a weekly benefit amount of $400.00.[3]  Pursuant to that claim, Jones electronically signed an Unemployment Insurance Division Certification Agreement, which indicates that she was aware she would have to pay back benefits if she were ultimately found to be ineligible to receive such benefits.[4]

---

[1] Record ("R. __") at 5-8.

[2] R. at 85-86.

[3] R. at 86-87; R. at 61.

[4] R. at 61; *see* R. at 83 ("Certification Agreement").

On March 21, 2023, a Claims Deputy from the Division found that Jones was ineligible for unemployment benefits.[5] The decision was not appealed and became final on March 31, 2023.[6]

On April 11, 2023, the Division sent Jones a "Notice of Determination" informing her that she received unemployment benefits to which she was not entitled.[7] Through a series of appeals and remands, the Division issued two redeterminations of the original overpayment determination.[8] First, after remand to correct a Division error, the Division issued a redetermination dated July 13, 2023, which added one extra week during which benefits were overpaid, according to the employer's wage report, but which had been mistakenly left out of the original overpayment calculation, thereby increasing the number of overpaid weeks to 15 and the overpayment amount to $1,181.00.[9] During this remand, the Department of Labor's Benefit Control Unit (the "BPC") requested pay stubs from Jones to

---

[5] R. at 69-70.

[6] R. at 11.

[7] R. at 11.

[8] R. at 66-67; R. at 90-91.

[9] R. at 66-67.

calculate the overpayment amount.[10] Jones did not produce any pay stubs, and BPC calculated the overpayment amount based on its records.[11]

After another remand to allow the Division to re-investigate the calculation of the overpayment amount in light of the evidence from Jones and the information submitted by her current employer, Neighborly Home Care, the Division issued a second redetermination on May 7, 2024.[12] The final May 7, 2024, decision indicated that because the Division did not receive pay stubs from Jones, the overpayment amount remained $1,181.00 for 15 overpaid weeks.[13]

Jones filed a timely appeal of the May 7, 2024, Order.[14] After a hearing on June 17, 2024, the Referee issued a decision upholding the Claims Deputy's redetermined overpayment determination.[15] Jones appealed the Referee's decision to the Board, and the Board issued a decision affirming the Referee's overpayment

---

[10] R. at 11; *see* R. at 61.

[11] R. at 61.

[12] R. at 90-91.

[13] R. at 90-91. This latest redetermination of the overpayment, dated May 7, 2024, is the only overpayment decision that is the subject of the instant appeal. All prior overpayment decisions were overwritten by that final redetermination.

[14] R. at 11.

[15] *Id*.

determination on August 5, 2024.[16]  Jones then filed this appeal on August 15, 2024.[17]

Jones filed her opening brief on October 25, 2024.[18]  The Division submitted an Answering Brief in response on November 8, 2024.[19]  Jones timely filed her Reply on November 21, 2024.[20]

## III.  PARTIES' CONTENTIONS

On appeal, Jones challenges the Division's determination that she was overcompensated unemployment benefits, as well as the Referee's and the Board's decision to affirm.[21]  She specifically contends that "money was taken from the wrong employer" in the Division's calculations regarding the alleged overpayment.[22]  The overpayment determination specifically found that Jones had underreported the wages from her part-time employer, Neighborly Home Care, at the time she collected the benefits.  Jones maintains that: (1) the relevant pay stubs

---

[16] R. at 11-12.

[17] R. at 1-2.

[18] D.I. 13 ("Op. Br.").

[19] D.I. 14 ("Answering Br.").  Counsel for the Board wrote to the Court advising it that it would not be filing an answering brief because the Board did not have an interest in seeking to have its decision affirmed on appeal.  D.I. 15.

[20] D.I. 17 ("Reply").

[21] D.I. 13 at 1.

[22] R. at 4; D.I. 13 at 1.

in this proceeding are her pay stubs from her *previous* employer, not her current employer; and (2) she cannot submit the requested pay stubs from her former employer because the business closed.[23] She further asserts that she "reported what [she] believed to be [her] weekly earnings" and was entitled to the benefits calculated based on her reported weekly earnings.[24]

Jones also contends that the May 7, 2024 "decision was made after four months without correspondence in regard[] to a re-determination letter which is dated January 11, 2024."[25] She also requests this Court reconsider the Division's determination that she was overcompensated due to the "lack of communication" throughout the review and appeals process.[26]

## IV. **STANDARD OF REVIEW**

The Court's review of decisions from the Unemployment Insurance Appeal Board is limited. Pursuant to 19 *Del. C.* § 3323, "the findings of the Unemployment Insurance Appeal Board as to the facts, if supported by evidence and in the absence of fraud, shall be conclusive, and the jurisdiction of the Court shall be confined to questions of law." Therefore, the scope of review is limited to a determination of

---

[23] Reply at 1; *see also* R. at 18.

[24] Reply at 1.

[25] *Id*.

[26] *Id*.

6

whether there was substantial evidence to support the findings of the Board.[27] Substantial evidence is such relevant evidence that a reasonable mind might accept as adequate to support a conclusion.[28]

The Court may only consider the record before it.[29] If the Board's decision is supported by substantial evidence and is free from legal error, then the Board's decision will be affirmed.[30]

## V.   ANALYSIS

### A.   THE COURT CANNOT CONSIDER ARGUMENTS RELATING TO THE DISQUALIFICATION DETERMINATION.

Appellate jurisdiction cannot be invoked unless an appeal is submitted within the time frame required by law.[31] The record demonstrates that in the Disqualification Notice, the Claims Deputy advised Jones that she was disqualified from receiving unemployment benefits on March 21, 2023.[32] A Claims Deputy's determination, such as the Disqualification Notice, becomes final unless within 10

---

[27] *Starcks v. Unemployment Ins. Appeal Bd.*, 2013 WL 4848101 at *3 (Del. Super. July 30, 2013).

[28] *Id*. (citing *Oceanport Indus. v. Wilmington Stevedores*, 636 A.2d 892, 899 (Del. 1994)).

[29] *Id.* (citing *Hubbard v. Unemployment Ins. Appeal Bd.*, 352 A.2d 761, 763 (Del. 1976)).

[30] *Id.*

[31] *Id.* (citing *Duncan v. Delaware Dep't of Labor*, 2002 WL 31160324 at *1 (Del. Super. Sept. 10, 2002)).

[32] R. at 132-33.

days of notification or mailing of that determination an appeal is initiated.[33]  Since

Jones never appealed the Disqualification Notice, it is a final and non-appealable

decision.

Jones received adequate notice of the Disqualification Notice and the right to

appeal it.[34]  Therefore, she cannot appeal the basis, or merits, of the disqualification

through a subsequent appeal of the overpayment determination.[35]  Accordingly, the

Court will not consider Jones's arguments related to the Disqualification Notice.

### B.    THE BOARD'S OVERPAYMENT DETERMINATION IS SUPPORTED BY SUBSTANTIAL EVIDENCE AND IS FREE FROM LEGAL ERROR.

The law governing the recoupment of overpaid benefits is well-established.

Under Section 3325, "[a]ny person who has received benefits … to which it is finally

determined that the person was not entitled shall be liable to repay in cash [the]

overpayment … regardless of whether such sum was received through fraud or

mistake, or whether he was legally awarded the payments of benefits at the time but

---

[33] 19 *Del C.* § 3318(b).

[34] *See* R. at 7, n. 9.  The Board determined that Jones received adequate notice of the disqualification notice, stating: "Because the Board does not find any evidence showing there was Department error in the mailing of the Determination to Claimant's address on file, the Board finds that Claimant was given due process." R. at 7, n. 9.  Mail properly addressed with proper postage is presumed to have been received.  *See Jones v. Unemployment Insurance Appeal Board*, 2014 WL 8059634 at *2 (Sept. 12, 2014) (internal citations omitted).

[35] *Starcks*, 2013 WL 4848101 at *4.

on appeal was subsequently found not to be entitled thereto."[36]  Moreover, "[u]nless the person files … within 10 days after such order was mailed to the person at their last known address, the order shall be final and recoupment shall be made in accordance with the order."[37]  Once the disqualification decision is final, then the only matter before the Court is whether any benefits were received during the disqualification period.[38]

Here, as previously mentioned, Jones was deemed disqualified from receiving unemployment benefits.[39]  Jones argues in this appeal, and throughout the record, that she was unable to submit pay stubs from her former employer, Pit Masters Christiana, due to the business being closed.[40]  Jones misinterprets the financial information necessary for the Division to calculate an overpayment determination.

The pay stubs that are relevant to overpayment calculations are the pay stubs showing amounts she was paid by her new employer, Neighborly Home Care, during the weeks in which she collected unemployment benefits (the week ending in

---

[36] 19 *Del. C.* § 3325.

[37] *Id.*

[38] *Smith v. Unemployment Ins. Appeal Bd.,* 2021 WL 4593386 at *5 (Del. Super. Oct. 6, 2021) (citing *Smith v. Unemployment Ins. Appeal Bd.*, 2013 WL 1718059 at *1 (Del. Super. Apr. 22, 2013)).

[39] R. at 132-33.

[40] Reply at 1; *see also* R. at 18 ("I didn't turn in paystubs which I can't have if a business has closed…").

October 8, 2022 through the week ending January 28, 2023).[41] The difference in what Jones reported as her wages for weeks she was claiming unemployment benefits and what Jones should have reported as her wages is the resulting overpayment amount.[42] Here, Jones's current employer, Neighborly Home Care, reported wages for Jones that did not match Jones's self-reported wages for the weeks she was claiming unemployment benefits.[43] Because Jones did not submit any evidence contradicting the evidence submitted by Neighborly Home Care, the Board's decision to affirm the Division's overpayment calculation was based on substantial evidence and not legal error.[44]

If a claimant receives unemployment benefits to which they are not entitled, that claimant must pay the funds back to the Division, even when the claimant is not at fault.[45] Jones signed an acknowledgement of that requirement through the

---

[41] *See Hockensmith v. Unemployment Ins. Appeal Bd.*, 149 A.3d 241 (TABLE) (Del. 2016).

[42] *Id*.

[43] R. at 72.

[44] *See Smith v. Unemployment Ins. Appeal Bd.,* 2021 WL 4593386 at *5 (holding that the Board's determination of overpayment was supported by substantial evidence and free from legal error, where: (1) Appellant never appealed the initial decision qualifying her from unemployment benefits; and (2) the Department of Labor submitted evidence of a payment history to Appellant during the period of ineligibility).

[45] 19 *Del. C.* § 3325; *see also Crescenzo v. Unemployment Ins. Appeal Bd.*, 2012 WL 6846553 at *1 (Del. Super. Nov. 9, 2012).

Unemployment Insurance Division Certification Agreement.[46] Here, the final ineligibility determination found that Jones was paid benefits she was not entitled due to her underreporting of wages from her employer (Neighborly Home Care) during the weeks she sought and was paid unemployment benefits.[47] Thus, the Board correctly applied the recoupment statute, and there is no legal error or lack of substantial evidence to support the Board's decision.[48]

Jones finally argues that the "lack of communication" from the Division throughout this process resulted in an unfair decision.[49] However, the Court's exclusive role on review of an administrative decision is to determine whether the decision is supported by substantial evidence and is free from legal error.[50] Aside from her contention that the Division failed to communicate during the re-determination period, Jones does not allege anything that resulted in a legal error or a lack of evidence to support the decision. Finding that the Board's decision is both supported by substantial evidence and free from legal error, the Court will not reconsider the Board's determination on such grounds.

---

[46] R. at 83; *see also* R. at 61.

[47] R. at 10-12.

[48] *Crescenzo*, 2012 WL 6846553 at *1.

[49] Reply at 1; *see also* R. at 18, 31, 100.

[50] *Crescenzo*, 2012 WL 6846553 at *1.

## VI.  CONCLUSION

The Board's May 7, 2024, decision is supported by substantial evidence, supported by the record of this case, and is free from legal error.  Therefore, the Board's decision is **AFFIRMED**.

**IT IS SO ORDERED.**

/s/ Patricia A. Winston
**Patricia A. Winston, Judge**